[Civ. No. 1440.    Second Appellate District.—March 2, 1914.]

## G. T. BOYD, Respondent, v. THE MODEL GROCERY COMPANY (a Corporation), Appellant.

BUILDING CONTRACT—OLD AND NEW BUILDINGS—INTERPRETATION OF AGREEMENT.—Where the owner of a livery stable enters into a written contract whereby, in consideration of the other party agreeing to lease the same for a term of five years, he agrees to "build a two-story brick building, thirty-five by sixty feet, addition to the (old) building now located on the southeast corner of West Green and South Delacy streets, in the city of Pasadena, state of California; each story to be eight feet in the clear on each floor, the arrangement of stalls, doors, driveways and windows as per verbal

24 Cal. App.—8

agreement to suit" the other party, does not embrace the rearrangement and construction of the feedway over the stalls in the old building, but is restricted to the four subjects therein specified.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

George P. Cary, Edward R. Milliken, and Bennett & Cary, for Appellant.

M. B. Butler, for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained by reason of defendant's failure to execute a lease of real property in accordance with its contract in writing so to do.

Judgment went for plaintiff, from which, and an order denying its motion for a new trial, defendant appeals.

Plaintiff was the owner of an old building which theretofore had been used as a livery stable. As a result of negotiations between plaintiff and defendant, a written contract was made whereby, in consideration of defendant agreeing to lease the same for a term of five years, plaintiff agreed to "build a two-story brick building, thirty-five by sixty feet, addition to the (old) building now located on the southeast corner of West Green and South Delacy streets, in the city of Pasadena, state of California; each story to be eight feet in the clear on each floor; the arrangement of stalls, doors, driveways and windows as per verbal agreement to suit said Model Grocery Co., . . . said building to be completed by July 1st, 1910." Plans and specifications for the new building were drawn and approved by defendant, and the work of constructing the same completed in full accordance therewith. While the agreement by its terms refers solely and alone to the new building to be constructed, and makes no reference to the old building or any changes therein, plaintiff nevertheless alleges that the verbal agreement mentioned therein was understood to apply and refer to the arrangement of the stalls, driveways, and windows in the old building, under which

verbal agreement it is alleged plaintiff was to remove the twenty-four existing stalls, cement the floor occupied by them, locate the stalls and driveway on said floor space where defendant designated, and cut doors through where defendant indicated. There is no ambiguity or uncertainty in the written contract. Except for the allegation of the complaint, the verbal agreement could not be construed as referring to the arrangement of stalls, doors, driveways, and windows in the old building. By its answer defendant alleged that the verbal agreement referred to in said written contract was not restricted as therein specified, but that it had reference to the making of such alterations in the old building in a manner and to such extent as would render it suitable as a barn and stable for the use of defendant; and that such verbal agreement was intended to and did cover not only the arrangement of stalls, doors, driveways, and windows therein—all of which appear to have been constructed in a manner satisfactory to defendant—but also included and covered the rearrangement and construction of the feedway over the stalls in the old building, the neglect of plaintiff to make further changes in which constitutes the sole ground upon which defendant now justifies its refusal to execute the lease. The contract is clear and explicit and entirely free from such ambiguity as to call for an application of the rules of interpretation. Conceding plaintiff was required to construct the doors, driveways, stalls, and windows *in the old building* to suit defendant, the agreement, since it is restricted to such items alone, cannot be construed to apply to the feedway over the stalls, or to other changes not specified.

The court found that: "It is untrue that the verbal agreement referred to in said written contract was that the building of the addition therein mentioned and the alterations in the old building should be made so that said buildings when completed might be suitable for the defendant for its barn and stables." And, notwithstanding this finding which, if supported by the evidence, is fatal to defendant's contention, it also found "that it is true that . . . the runway from the new to the old building was made as ordered and directed by defendant and with defendant's assent and approval and according to said plans and specifications and said verbal agreement"; and further, that during all of said times defendant had an in-

spector present on its behalf to pass upon the work from time to time as it proceeded. An examination of the record shows that, notwithstanding the fact that the contract was free from ambiguity, the court permitted testimony tending to show that prior to its making the parties had discussed the proposed contract for a month or more; that defendant had caused to be prepared a rough pencil sketch from which the plan and specifications of the new building were made; that plaintiff, at the request of defendant, did in fact voluntarily change and reconstruct the feedway in controversy in accordance with the request and suggestions of defendant, whose president and stable foreman were present and inspected the work on numerous occasions, and did not object to the same; that nevertheless it was unsatisfactory to defendant and it demanded, as a condition of entering into the lease, that the feedway be changed and reconstructed in a different manner, and that plaintiff refused to comply with such demand. In our opinion, the evidence is ample to support the findings made by the court. Appellant does not claim that the old building was the subject of a verbal contract, but insists that the written contract, though silent thereon, included the construction of the feedway, when according to its terms it is restricted to the four subjects therein specified, all of which were constructed in a manner satisfactory to defendant. The record discloses no evidence, either circumstantial or otherwise, which would have justified the court in finding that by the terms of the written contract plaintiff agreed to make any changes in the feedway. Assuming, however, that it did, the testimony of plaintiff is to the effect that he, as requested by defendant, changed and reconstructed it as directed. This being true, defendant was estopped from demanding further changes. Moreover, considering the extent of the work in constructing the building and the claim of appellant, based on the evidence, that the change which it insists upon could have been made at an expense of twenty-five dollars, it constituted a substantial compliance with the contract even as interpreted by defendant.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.